IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOUNDERS INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00367-M |
| | § | |
| BILLY'S BAR & GRILL LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 30). For the following reasons, the Motion is **GRANTED**.

**I.  Factual and Procedural Background**

Plaintiff Founders Insurance Company is an Illinois insurance company that was the former insurer of Defendant Billy's Bar & Grill, LLC ("BB&G"). (ECF No. 1 ¶¶ 1, 3, 12). This insurance coverage dispute stems from a September 30, 2011, incident in which Matthew Kunkle was allegedly injured when he crashed his motorcycle after drinking at BB&G. (*Id.* ¶ 16). Defendant Joe Polanco is a former member and manager of BB&G who resides in and is a citizen of Texas. *(Id.* ¶ 10). BB&G and Polanco are the remaining Defendants, against whom Plaintiff seeks default.

Plaintiff seeks a declaratory judgment that the Liquor Liability Policy No. LLTX000892 (the "Founders Policy"), which lists BB&G as the named insured, was cancelled effective September 5, 2011. Plaintiff also seeks a declaratory judgment that it has no duty to defend or indemnify the Defendants for claims in a related Collin County suit by Kunkle, arising from

injuries Kunkle allegedly incurred in the September 30, 2011, crash.  On September 3, 2013, Kunkle filed suit in Collin County, Texas, against BB&G, Polanco, and others (the "Collin County suit").  (*Id.* ¶ 16, Ex. C at 6; *Matthew Kunkle v. Billy's Bar & Grill, LLC, et al.*, No. 219-03508-2013 (219th Dist. Ct., Collin County, Tex. Sept. 3, 2013).  The court in the Collin County suit entered default judgment against BB&G and Polanco on March 24, 2020, and that case is now closed.  *Kunkle*, No. 219-03508-2013.

Because the Defendants have been served and not answered, the allegations in the Plaintiff's suit are deemed true.  *J&J Sports Productions, Inc. v. Morelia Mexican Restaurant, Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

On October 19, 2011, Plaintiff issued a Policy Declaration that states that the Founders Policy was cancelled effective September 5, 2011.  (ECF No. 1 ¶ 46, Ex. A).  Plaintiff sent the Policy Declaration to the Policy insureds.  (*Id.*)  No insured disputed the Policy Declaration provision that stated that the effective date of the Policy cancellation was September 5, 2011, due to non-payment of premium.  (*Id.*)

On October 1, 2013, Plaintiff received a fax from one of Kunkle's attorneys, with a copy of Kunkle's petition in the Collin County suit.  (ECF No. 1, Ex. D).  In an October 3, 2013, telephone conversation with that attorney, Plaintiff told him that the Founders Policy did not cover the motorcycle crash, and that Plaintiff had provided the relevant policy documents to Kunkle's prior counsel, including the notice of policy cancellation.  (ECF No. 1 ¶ 20).

On April 4, 2018, Defendant Polanco, who was incarcerated in the Mark W. Michael Unit of the Texas Department of Criminal Justice, was served by delivery of summons and a copy of the Complaint to Defendant Polanco's agent for service of process, as designated by the Warden of the Mark W. Michael Unit.  *See* Fed. R. Civ. P. 4(e); *see also* Tex. Civ. Prac. & Rem.

Code § 17.029(c). Proof of proper service was provided through the affidavit of Anderson County Deputy Sheriff Darrell Meissner, who served the documents. (ECF No. 6; *see also* Fed. R. Civ. P. 4(l)(1)). Polanco did not file an answer or otherwise respond. He is not an active service member or a minor. (*See* ECF Nos. 6, 30-1).

On April 13, 2018, Defendant BB&G, a former limited liability company formed under the laws of Texas, was served with process by delivery of summons and a copy of the Complaint to the Texas Secretary of State. *See* Fed. R. Civ. P. 4(e); *see also* Tex. Civ. Prac. & Rem. Code § 17.026. Defendant BB&G forfeited its charter on February 21, 2014. (*See* ECF No. 1, Ex. B). BB&G no longer maintains a registered agent in Texas, and the Texas Secretary of State was thus BB&G's agent for service of process as designated under Texas law. *See* Tex. Bus. Org. Code § 5.251. Proof of proper service was provided through the process server's affidavit. (ECF No. 11; *see also* Fed. R. Civ. P. 4(l)(1)). BB&G did not file an answer or otherwise respond.

On January 19, 2020, Plaintiff moved for default judgment against Defendants. (ECF No. 30). Plaintiff seeks judgment against Polanco and BB&G declaring that the Founders Policy was cancelled effective September 5, 2011 and that it has no duty to defend or indemnify BB&G or Polanco.[1]

## II. Legal Standard

Under Rule 55, courts may enter default judgment against a defendant who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a), (b). "Default judgment is proper only if the well-pleaded factual allegations in the [ ] Complaint establish a valid cause of action." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 385 (W.D. Tex.

---

[1] Plaintiff also seeks a default judgment against former parties to this case, but a default judgment is not available against parties who have been dismissed.

2008); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Fifth Circuit employs the following six factors when reviewing a motion for default judgment: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether grounds for default are clearly established," (4) "whether default was caused by good faith mistake or excusable neglect," (5) "harshness of default judgment," and (6) "whether the court would feel obligated to set aside a default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Thus, in determining whether a default judgment is appropriate, the Court's analysis is twofold. First, the Court must determine whether entry of default judgment is procedurally appropriate. In this case, based on the evidence before it, the Court has ordered the Clerk to enter default. If the Court finds that a default judgment would now be procedurally appropriate, the Court must assess whether there is a sufficient basis in the pleadings for the relief requested. *Nishimatsu*, 515 F.2d at 1206.

### III. Analysis

#### A. Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 8). There is complete diversity and the amount in controversy exceeds $75,000, excluding costs and interest.

#### B. *Lindsey* Factors

The Court finds that the six *Lindsey* factors make default appropriate here. *Lindsey*, 161 F.3d at 893. Defendants failed to answer or otherwise respond to Plaintiff's Complaint, and thus there are no material facts in dispute. Nearly two years have elapsed since service of the

Complaint on Defendants. The grounds for default judgment against Defendants are clearly established, as Defendants were properly served with the summons and the Complaint nearly two years ago, and have not answered or otherwise appeared. There is no evidence before the Court to indicate that Defendants' failure to file an answer or otherwise respond to Plaintiff's Complaint was the result of a good faith mistake or excusable neglect. Defendants' failure to file a responsive pleading or otherwise defend this case for nearly two years mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would give rise to good cause to set aside the default judgment if challenged by Defendants.

### C. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief

Although, due to their default, Defendants are deemed to have admitted the allegations set forth in the Complaint, the Court must nevertheless review the pleadings to determine whether Plaintiff has established a viable claim for relief.

The Founders Policy provides that it "shall be interpreted, construed, governed by and enforced in accordance with the laws of the State of Illinois . . . ." (ECF No. 1, Ex. A at 6). The Court therefore construes the Founders Policy under Illinois law. Under Illinois law, an insurer has no duty to defend where it is "clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.,* 144 Ill.2d 64, 73 (1991). An insurer's duty to defend is broader than its duty to indemnify. *Pekin Ins. Co. v. Wilson*, 237 Ill. 2d 446, 457–58 (2010) ("The duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy. The duty to defend an action brought against the insured, on the other hand, is determined solely by reference to the allegations of the complaint").

5

Plaintiff seeks judgment declaring that the Founders Policy was cancelled effective September 5, 2011. (ECF No. 1 ¶ 1). Plaintiff also seeks judgment declaring that it has no duty to defend or indemnify BB&G or Polanco, as all of Kunkle's claims arose from injuries Kunkle allegedly incurred on September 30, 2011, after the Founders Policy was cancelled.

The following facts in the Complaint are deemed true as a result of Defendants' default. The Founders Policy was cancelled effective September 5, 2011, for non-payment of premium. (*Id.* ¶ 31). Kunkle's Original Petition in the Collin County suit states that the date of loss on which Kunkle bases his claims is September 30, 2011. (*Id.*) Thus, the claims asserted by Kunkle in the Collin County suit are not within the coverage period of the Founders Policy. (*Id.* ¶ 32).

The Founders Policy also states, under "Exclusions to Coverage," that "[t]his insurance does not apply to:

> f. Liquor License Not in Effect
>
> "Injury" arising out of any alcoholic beverage sold, served, or furnished while any required license is suspended or after such license expires, is cancelled or revoked."

(*Id.* ¶ 33). According to the Texas Alcoholic Beverage Commission ("TABC"), neither Polanco nor "Billy's Bar and Grill," the name under which Polanco represented to Plaintiff that he conducted business, was issued a liquor license or permit by the TABC. (*Id.* ¶ 34, Ex. G). Thus, the "Liquor License Not in Effect" exclusion precludes coverage for claims arising from Kunkle's injuries. (*Id.* ¶ 34). Based on the date of cancellation and the liquor license provision in the Founders Policy, that Policy could not provide any coverage to Defendants Polanco and BB&G. The Court therefore does not reach the other policy provisions cited by Plaintiff to establish that it has no obligations to the Defendants under the Policy.

Based on the above analysis, the Court concludes that Plaintiff is entitled to a default judgment against Defendants granting a declaration that it is not liable to Defendants on the Founders Policy

Pursuant to 28 U.S.C. § 2201(a), as to all claims for insurance coverage asserted or that could have been asserted by Defendants BB&G and Polanco against Plaintiff on the Founders Policy pertaining to claims brought against those Defendants by third party Kunkle in the Collin County Suit, the Court **DECLARES** the following:

(1) The Founders Policy was cancelled effective September 5, 2011.

(2) Plaintiff has and had no duty to defend or indemnify BB&G or Polanco on claims brought against them by Kunkle that arose from the motorcycle accident on September 30, 2011, after the Founders Policy was cancelled.

(3) Plaintiff does not now have, has not had, and will not have any obligation to BB&G or Polanco under the Founders Policy, by reason of any claim, fact or circumstance pertaining to the Collin County suit or the claims arising from the alleged injuries incurred by Kunkle as asserted in the Collin County suit.

Costs of court are taxed against Defendants.

Final judgment shall issue by separate order.

**SO ORDERED**.

April 13, 2020.

BARBARA M. G. LYNN
CHIEF JUDGE